## A. H. ERNST *v.* JOHN KUNKLE AND OTHERS.

The exercise of the power of assessment by the city of Cincinnati upon real estate, by the front foot, to pay for improving an adjoining street, is not a violation of the constitution of 1851.

If damages are sustained by the owner or occupant of land, by reason of the grading of a street, the city is liable to the party injured, and the statute provides a remedy which may be pursued in such case ; but until a claim for such damages is filed with the clerk of the city, and sixty days thereafter shall have elapsed, without any steps being taken by the city to assess the damages, an action will not lie against the city or its agents to recover for such injury.

A contract, made by the city with K. and R., to grade and macadamize one of its streets, may be legally assigned to other parties, although the assessment for such grading was made by the city to pay K. and R.; and a suit may,

after the completion of the work, be sustained by such assignee to recover the assessment.

A counter claim cannot be allowed to one of several defendants, against the plaintiff. when it appears that another of the same defendants is primarily liable for the claim demanded.

PETITION in error to reverse the judgment of the Superior Court of Cincinnati.

The facts in this case, so far as the questions determined by the court require them to be stated, are as follows:

In August, 1853, the city council of Cincinnati passed an ordinance to regrade and macadamize Harrison Road from the west line of Western Avenue to Mill Creek bridge, and to ascertain and assess the expense of so doing, according to the act of March 20, 1850, " further to amend the charter of the city of Cincinnati," and the general ordinance of June 12th, 1850, in regard to special taxes for the improvement of streets, etc.

In September, 1853, the city contracted with McKeon & Reynolds to do the work; and the latter assigned their contract to John Kunkle and Wilson Saffin, who did the work.

In February, 1854, the work being finished, the city council, to pay therefor, made an assessment of three dollars fifty-eight cents and six and four-tenths mills, on each front foot of the land abutting on that part of the road where the work was done, and directed the owners of the several lots of land to pay McKeon & Reynolds the assessments made upon their several lots respectively, within twenty days from the date of the ordinance, or be subject to interest and penalty.

A. H. Ernst was the owner of a lot on each side of the road, and the assessment on his land amounted to three thousand eight hundred and fifty-eight dollars and ninety-seven cents.

In March, 1854, Kunkle and Wilson Saffin assigned to James ·Saffin an interest in the assessments.

Ernst, having refused to pay the assessment on his lots, Kunkle and the two Saffins sued him for the amount of it, with penalty and interest, in the superior court of Cincinnati.

In his answer, Ernst set up a variety of defenses, and also a

counter claim for damages alleged to have been done to his property by the improvement of the road.

During the progress of the case through the superior court, the city of Cincinnati was made a party defendant by the plaintiffs below; and Ernst filed an amended answer and cross petition, setting up, among other things, a claim against the city for damages done to his lots by reason of the grading.

The issues were tried to a jury, and resulted in a verdict against Ernst, who moved for a new trial, and in arrest of judgment; but the motion was overruled and judgment entered on the verdict, and the court ordered that the city be dismissed with costs, " as there appears to be no cause of action against said defendant."

This judgment was affirmed on error, by the superior court in general term, and to reverse the judgment of affirmance, is the object of the proceeding in this court.

The record shows that during the progress of the trial to the jury, a multiplicity of exceptions were taken by counsel for Ernst to the regularity of the assessment, and to the rulings of the court; but the more substantial points presented, relate to the constitutionality of the act in pursuance of which the assessment was made; and to the questions—whether the plaintiffs as assignees could sustain a suit to recover the assessment—whether the claim of Ernst against the city for damages could be sustained upon the facts in regard to it—and whether the counter claim in favor of Ernst and against Kunkle and Saffin for damages on account of the grading, could be allowed to him, the city being primarily liable therefor.

*Woodruff & Hopkins,* and *J. T. Crapsy,* for plaintiff in error.

*James Saffin* and *P. Mallon,* for defendants in error.

BOWEN, J., delivered the opinion of the court:

The exercise of the power of assessment by the city of Cincin-

nati, upon real estate, by the front foot, to pay for improving an adjoining street, is not a violation of the constitution of 1851.

If damages are sustained by the owner or occupant of land, by reason of the grading of a street, the city is liable to the party injured, and the statute provides a remedy which may be pursued in such case; but until a claim for such damages is filed with the clerk of the city, and sixty days thereafter shall have elapsed, without any steps being taken by the city to assess the damages, an action will not lie against the city or its agents to recover for such injury. It does not appear in this case that the claim of Ernst for damages had been filed with the city clerk.

It was legally competent for McKeon & Reynolds to assign their contract with the city to Kunkle and Saffin, although the assessment to pay for the grading was made by the city to pay the former; and the assignees could, after the completion of the work, sustain a suit to recover the assessment.

The counter claim of Ernst for damages, for injuries to his property on account of the grading, cannot be allowed as against Kunkle & Saffin, as it appears that if the claim is a valid one, the city is primarily liable.

*Judgment affirmed.**

BARTLEY, C. J., dissented.

* This case was decided before the case of *Hill* v. *Higdon*, ante, page 243, was reported.