GEORGE E. CLEVELAND *et al. vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

A statute authorized the city of Providence to build sewers, and make assessments to pay for them as follows:

"All such assessments shall be made upon all estates abutting upon that portion of any street or highway in which any sewer has been or may be constructed, under the provisions of said chapters and of this act, at the rate of sixty cents for each front foot of such estates, upon such street or highway, and one cent for each square foot of such estates, between such street or highway and a line not exceeding one hundred and fifty feet distant from and parallel with the line of such street or highway; provided, however, that where any estate is situated between two streets or highways, the area upon which such assessment of one cent per square foot is made shall not extend to more than one half the distance between such streets or highways; and provided, also, that where any estate is situated at the corner of two streets or highways, or otherwise so situated as to be as-

sessed for the expense of making a sewer in one of such streets or highways, that portion of such estate assessed for a sewer in one of such streets or highways shall not be liable to be assessed upon its area for the cost of constructing a sewer in the other of such streets or highways, but only for its frontage upon such street."

*Held,* that this statute as applied to the compact part of the city was not so clearly unconstitutional as to authorize the court to declare it void.

*Held,* further, that it was not unconstitutional because it contained no provisions for notice to the owners of assessed realty.

*Held,* further, that it was not unconstitutional because retrospective in its application.

*Held,* further, that the assessments made under this statute were valid, as the assessments were a kind of tax, and the Constitution of Rhode Island neither forbids retrospective legislation nor limits the taxing power of the State, except by the declaration "that the burdens of the State ought to be fairly distributed."

*Held,* further, that any excess of assessment collected over the cost of the sewer for which such assessment was made must be held ratably for the assessed abuttors, and could not be used for other municipal purposes.

BILL IN EQUITY to annul certain sewer assessments, and to enjoin the sale of the assessed estates.

Public Laws R. I. cap. 313, §§ 3 & 4, of March 28, 1873, provide:

"SECT. 3. The said city council may by ordinance confer upon said board" (*i. e.* the city council of the city of Providence may by ordinance confer on the board of water commissioners of said city) "all the authority conferred upon and given to said city by chapters 640 and 784 of the statutes; also all the powers now by law vested in surveyors of highways or highway commissioners; also the power to make all assessments authorized to be made under the provisions of chapters 807 and 931 of the statutes, and of this act, for the payment of the cost of the construction of sewers already built, or which may be hereafter built under the provisions or said chapter of this act.

"SECT. 4. All such assessments shall be made upon all estates abutting upon that portion of any street or highway in which any sewer has been or may be constructed, under the provisions of said chapters and of this act, at the rate of sixty cents for each front foot of such estates, upon such street or highway, and one cent for each square foot of such estates, between such street or highway and a line not exceeding one hundred and fifty feet distant from and parallel with the line of such street or highway; provided, however, that where any estate is situated between two streets or highways, the area upon which such assessment of one cent per square foot is made shall not extend to more than

one half the distance between such streets or highways ; and provided, also, that where any estate is situated at the corner of two streets or highways, or otherwise so situated as to be assessed for the expense of making a sewer in one of such streets or highways, that portion of such estate assessed for a sewer in one of such streets or highways shall not be liable to be assessed upon its area for the cost of constructing a sewer in the other of such streets or highways, but only for its frontage upon such street."

Ordinances were adopted giving to the board of water commissioners of Providence the powers above referred to, and in accordance with these powers the board made assessments for a sewer in North Main Street in said city, which had been built before the enactment of said Pub. Laws R. I. cap. 313. The statute provided that assessments for sewers should be a lien upon the estates assessed. The complainants, owners of land on North Main Street, refused to pay these assessments, and, on the city treasurer's advertising their land for sale to enforce the lien, filed this bill on behalf of themselves and of all others in like circumstances.

*Charles Hart & Charles P. Robinson,* for complainants.

I. This kind of assessment, if in exercise of the power to tax under our Constitution, must be levied with equality, fairness, uniformity, and proportion. The assessment must be imposed upon estates " in proportion to a special benefit or advantage which .it may be found that each may receive from the construction of a work of public utility or necessity," in the language of the court in *Merrick et al.* v. *Inhabitants of Amherst et al.* 12 Allen, 500, 507 ; *People* v. *Mayor of Brooklyn et al.* 4 N. Y. 419 ; *Chicago* v. *Larned,* 34 Ill. 203 ; *Wright* v. *Chicago,* 46 Ill. 44 ; *Chamberlain* v. *Cleveland,* 34 Ohio St. 551 ; *Mayor, Aldermen, &c. of Mobile* v. *Dargan,* 45 Ala. 310 ; *Livingston County* v. *Weider,* 64 Ill. 427 ; *Burr* v. *Carbondale,* 76 Ill. 455 ; *City of Covington* v. *Southgate,* 15 B. Mon. 491, 498 ; *The People* v. *Salem,* 20 Mich. 452, 473 *et seq. ; Tide Water Co.* v. *Coster,* 18 N. J. Eq. 518 ; *Hammett* v. *Philadelphia,* 65 Pa. St. 146, 153 ; *Boston* v. *Shaw,* 1 Met. 130 ; *Morse* v. *Stocker,* 1 Allen, 150, 159 ; *Oliver* v. *Washington Mills,* 11 Allen, 268 ; *Dorgan* v. *Boston,* 12 Allen, 223, 237 ; *Jones* v. *Boston,* 104 Mass. 461, 467; *Arnold* v. *Cambridge,* 106 Mass. 352 ;

*Butler* v. *Worcester*, 112 Mass. 541, 555 ; *Workman* v. *Worcester*, 118 Mass. 168, 177 ; *Rex* v. *Commissioners of Sewers for the Tower Hamlets*, 9 B. & C 517 ; *Yeatman* v. *Crandall*, 11 La. An. 220 ; *Wallace* v. *Shelton*, 14 La. An. 498.

Thus the right, formerly in New York considered an exercise of power of eminent domain, the judges in the case cited from 4 N. Y. are forced to shelter in the taxing power. In New York it is always exercised subject to *revision by some* power or tribunal, and even then is so offensive as to call for severe judicial criticism. *In the Matter of Van Antwerp*, 56 N. Y. 261 ; *Guest* v. *City of Brooklyn*, 69 N. Y. 506, 517. Compare this strained New York doctrine with the contra opinions of Campbell and Christiancy, JJ., in *Woodbridge* v. *City of Detroit*, 8 Mich. 274, 292, 294, 300.

II. This species of assessment is more like an application of the principle of eminent domain, though it is its converse. It is the exaction of compensation for a benefit furnished, instead of payment for an injury inflicted.

In fact, this species of assessment is in this State imposed under our Constitution for the protection, safety, and happiness of the people, as a *burden*, and as such is to be fairly distributed. Constitution R. I. art. I. sec. 2 ; *In the Matter of Dorrance Street*, 4 R. I. 230. The legislature has power to authorize, by law, the city to contract with its citizens. Drainage is a convenience for the protection, safety, and happiness of the community, like highways, schools, protection from fire, &c., and its benefits shall be extended as population grows denser. See *Cone* v. *Hartford*, 28 Conn. 363, 372.

The city therefore is empowered to construct sewers for highway drainage, and for the benefit which the estate of each citizen receives above the common benefit, he shall pay proportionally. Here, then, is every requisite of a contract : two parties and a consideration of benefit received, the one party conferring the benefit, the other under obligation to pay therefor.

This analysis shows that some tribunal, some judicial authority, must determine by a judicial judgment that a benefit is received, and if such authority so determine and fix the amount of the same, then the corporation conferring it may exact payment therefor to the amount of the benefit.

III. This burden must then be assessed:

(*a*) On lands benefited by the construction of the sewers. See English cases cited under Point V.; *Boston* v. *Shaw*, 1 Met. 130.

To compel an estate to contribute for a sewer when the estate cannot use and receives no benefit from the sewer would be palpably unjust.

While the legislature may fix a district to be assessed for a sewer, it cannot decide what lands are benefited, but merely that if benefited, an estate shall pay *proportionally* and in common with other estates benefited.

(*b*) The assessment in gross for benefits derived from a sewer must not exceed the cost of the same, otherwise an estate where the cost of a sewer is small pays a portion of the cost of some sewer where the cost is large, or contributes to a fund for general city expenses, which would be to derive revenue from the construction of sewers.

(*c*) And it must be levied upon the estates benefited in proportion to the benefits received. *Wright* v. *Boston*, 9 Cush. 233, 241; *Tide Water Co.* v. *Coster*, 18 N. J. Eq. 518; *Clapp* v. *Hartford*, 35 Conn. 66, 78, 79; *Hungerford* v. *Hartford*, 39 Conn. 279, 285; *Woodbridge* v. *City of Detroit*, 8 Mich. 274, 301; *Thomas* v. *Gain*, 35 Mich. 155; *Chamberlain* v. *Cleveland*, 34 Ohio St. 551; *In re Washington Avenue*, 69 Pa. St. 352; *State* v. *Paterson*, 36 N. J. Law, 159, 164; *State Agens. pros.* v. *Newark*, 37 N. J. Law, 415, 424; *State, New Brunswick Rubber Co. pros.* v. *Comm'rs of Streets and Sewers*, 38 N. J. Law, 190, 193; *Dusenbury* v. *Newark*, 25 N. J. Eq. 295, 297; *Peay* v. *City of Little Rock*, 32 Ark. 31; *Baxter* v. *Tripp*, 12 R. I. 310,

These acts of the legislature and ordinances do not purport to levy the assessments upon lands that may be benefited, or in proportion to such benefits, nor do they consider the cost of the improvement. They assume that there is no difference in the benefits conferred upon the respective estates bordering upon streets through which the sewers pass, except as the estates vary in frontage and area. *Nichols* v. *Bridgeport*, 23 Conn. 189, 204.

Benefit received is not the standard, but a geometrical figure is, and the superficial contents of that figure are the elements to determine the amount of the assessment. *Boston* v. *Shaw*, 1 Met.

130; *Downer* v. *Boston*, 7 Cush. 277; *Clapp* v. *Hartford*, 35 Conn. 66.

IV. In other words, in prescribing the method of assessments of these several acts in question, the legislature, aiming to authorize the imposition of a *burden* and apportion the same, in *fact* exercises a *judicial* power, which authority is vested in another branch of the government. *State* v. *Newark*, 25 N. J. Law, 399, 426; *Chicago* v. *Larned*, 34 Ill. 203, 246. This is equally true if the assessment be regarded as a form of taxation.

V. This method of assessment provides no means of revision whereby the owner of an estate, if assessed for wrong frontage, wrongly computed area, or assumed benefits by him denied, may have his assessment reduced to conform to the facts.

It is true that the first sewer act, Pub. Laws R. I. cap. 807, passed at the January session, 1869, contemplated a right of appeal to a designated tribunal, but this privilege was, by cap. 313 of March 28, 1873, known as an act establishing a Board of Public Works, taken away.

In this State we have always enjoyed this right, even in *general taxation*. See Gen. Stat. R. I. cap. 40; Cooley on Taxation, cap. 2.

This right of appeal in this form of assessment was incorporated in the early sewer acts in the mother country, and we received it, and it has been acted on in our State, as a portion of our law.

An appeal was always part of the English system of sewer tax. 23 Henry VIII. cap. 5; R. I. Col. Rec. vol. v. p. 289; *Sisson* v. *Seabury*, 1 Sumn. 235, 262; 1 Kent Comment. 12th ed. 473, note; *Soady* v. *Wilson*, 3 Ad. & E. 248; *Rex* v. *Commissioners of Sewers for the Tower Hamlets*, 9 B. & C. 517; Right of direct appeal given by Stat. 50 Geo. III. cap. 144, quoted in *Board of Works* v. *Vauxhall Bridge*, 7 El. & B. 964, 970.

This scheme of assessment, by which the legislature assumes arbitrarily that the benefits to the estates abutting on the line of the sewer are in proportion to frontage and area, and provides for no redress of errors, is an infraction of the Constitution of this State, and of the 14th Amendment to the Constitution of the United States, because it takes property of the complainants by

legislative *decree*, passing beyond the *legislative* power into the exclusive domain of the judiciary. *Wynehamer* v. *The People*, 13 N. Y. 378, 391. And without just compensation. See *In the Matter of Application, &c. between Lower Chatham and Little Falls*, 35 N. J. Law, 497, 501. And is not therefore due process of law, or by the law of the land. *Fletcher* v. *Peck*, 6 Cranch, 87, 135 ; *Taylor* v. *Porter*, 4 Hill N. Y. 140 ; *Greene* v. *Briggs*, 1 Curtis, 311 ; Sedgwick Statut. & Constit. Law, 479. Is without judicial determination, trial by jury, or judgment of one's peers. 18 Amer. Law Register N. S. 705, 706, note. And in violation of the constitutional right to have the assessment or *burden fairly distributed.*

VI. Estates in streets where the sewers were ordered and constructed, while the law provided for an assessment for benefits, and before the Public Works Act was passed, cannot be assessed under the hard and fast rule of the Public Works Act. 1 Dillon Municip. Corporat. § 46 ; *City of Bridgeport* v. *The Housatonic R. R. Co.* 15 Conn. 475, 497 ; *Penniman, petitioner*, 11 R. I. 333. For in these cases owners, and third parties purchasing of them, have a vested right to have the judgment of a commission upon the question of benefit or no benefit, and of the amount thereof, and must be presumed to have in effect made such contract with the city, and on sale or descent of estates, the right is sold or descends.

*Nicholas Van Slyck & Stephen A. Cooke, Jr., City Solicitors,* for respondent.

The constitutionality of this species of legislation has been definitely settled in this state, and its want of novelty shown. *In the Matter of Dorrance Street*, 4 R. I. 230, 253, 254.

That the legislature has the power to lay the whole expense of building a sewer upon abutting owners, that is, the expense of building the sewer in front of the respective premises of the abuttors, is affirmed by abundant authority. The greater power includes the lesser one of imposing a less burden. Cooley on Taxation, pages 399, 436–444. *Stroud* v. *Philadelphia*, 61 Pa. St. 255 ; *Magee* v. *Commonwealth*, 46 Pa. St. 358 ; *McGonigle* v. *Allegheny*, 44 Pa. St. 118 ; *Commonwealth* v. *Woods*, 44 Pa. St. 113.

An assessment by frontage at a rate per foot for improvements in streets is constitutional. *Chambers* v. *Satterlee*, 40 Cal. 497 ; *Allen* v. *Drew*, 44 Vt. 174.

Legislatures can authorize special assessments, and it is an exercise of the right of *taxation* inherent in every sovereign. That *power* implies *apportionment*, and when legislatures have exercised the right and made the apportionment, a court should not assume to declare it void unless the invasion of private right is flagrant and its demonstration clear. Nor can a court determine what manner of apportionment is most equable and just. *State* v. *Fuller*, 34 N. J. 227 ; *Upington* v. *Oviatt*, 24 Ohio St. 232.

The entire expense of street improvement may be assessed by foot front upon abutting lots. *Parker* v. *Challiss*, 9 Kansas, 155.

*King* v. *City of Portland*, 2 Oregon, 146, upholds the doctrine of the power of the legislature to authorize assessments for the probable cost of a street improvement, and holds that it is in the discretion of the legislature to provide the mode of assessment of such expense, and that the exercise of that discretion is not reviewable in the courts. *Warren* v. *Henly*, 31 Iowa, 31 ; *Williams* v. *Mayor of Detroit*, 2 Mich. 560 ; *Lefevre* v. *Mayor of Detroit*, 2 Mich. 586 ; *Motz* v. *Detroit*, 18 Mich. 495 ; *Hoyt* v. *City of East Saginaw*, 19 Mich. 39 ; *Walker* v. *Grand Haven*, 30 Mich. 24 ; *Thomas* v. *Gain*, 35 Mich. 155 ; *In re Washington Avenue*, 69 Pa. St. 352, 361 ; *Hammett* v. *Philadelphia*, 65 Pa. St. 146, 154, 155.

Every presumption is to be made in favor of the right of taxation. If the case is within the principles, the proportion of contribution and other details are within the discretion of the taxing power.

*St. Louis* v. *Oeters*, 36 Mo. 456, sustains an assessment for the whole expense of building a sewer, the cost of work and assessment having been made by the city engineer.

*The People* v. *Mayor, &c.* of Brooklyn, 4 N. Y. 419, may be called a leading case upon the principles involved in this bill, holding, that taxation operates upon individuals and without regard to the amount or value exacted from any other individual or class of individuals ; that the power to tax implies a power to apportion the tax as the legislature shall see fit, and that the power

of apportionment has no limit where there is no constitutional restraint; that there is nothing in the Constitution of New York (and in this respect it is like the Constitution of Rhode Island) which requires that taxation shall be general so as to embrace all taxable persons within the State or within any district or territorial division of the State, or that it shall be equal as in the case of a capitation tax, or that it shall be in proportion to the value of the property of the persons taxed, or that it shall not be apportioned according to the benefit which each taxpayer is supposed to receive from the object on which the tax is expended; that the remedy against unwise or unjust modes of taxation is to be sought from the legislative department and not from the judiciary.

*Litchfield* v. *Vernon*, 41 N. Y. 123, 133, affirms the doctrine that the legislature is the exclusive judge as to what district will be benefited by a local improvement, and that the Constitution imposes no restriction.

*Palmer* v. *Stumph*, 29 Ind. 329, 339, holds that the legislature has the power of assessing the cost of public works upon abutting owners in proportion to the value of land.

The power to determine when a special assessment shall be made and on what basis it shall be apportioned is wisely confided to the legislature, and cannot, without the introduction of some new principle in representative government, be placed elsewhere; and with the wisdom or unwisdom of special assessments when ordered in cases in which they are admissible at all, the courts have no concern unless there is plainly and manifestly such an abuse of power as takes the case beyond the just limits of legislative discretion. Cooley on Taxation, 429; *Lockwood* v. *City of St. Louis*, 24 Mo. 20, 22; *The People* v. *Mayor, &c. of Brooklyn*, 4 N. Y. 419, 427, 437, 438; *Allen* v. *Drew*, 44 Vt. 174; *Commonwealth* v. *Wood*, 44 Pa. St. 113; *Stroud* v. *Philadelphia*, 61 Pa. St. 255; *State* v. *Fuller*, 34 N. J. 227; *Litchfield* v. *Vernon*, 41 N. Y. 123, 133; *Crowell* v. *Lawrence*, 41 N. Y. 137.

This power has been frequently exercised in making assessments by front foot as well as by valuation, and sustained.

The authorities are well united that frontage may lawfully be made the basis of apportionment. Cooley on Taxation, 451;

*McGonigle* v. *Allegheny City*, 44 Pa. St. 118; *Magee* v. *Commonwealth*, 46 Pa. St. 358; *Stroud* v. *Philadelphia*, 61 Pa. St. 255, *Spring Garden* v. *Wistar*, 18 Pa. St. 195; *Chambers* v. *Satterlee*, 40 Cal. 497; *Palmer* v. *Stumph*, 29 Ind. 329; *Allen* v. *Drew*, 44 Vt. 174; *Williams* v. *Cammack*, 27 Miss. 209; *Smith* v. *The Corporation of Aberdeen*, 25 Miss. 458; *Alcorn* v. *Hamer*, 38 Miss. 652; *Upington* v. *Oviatt*, 24 Ohio St. 232; *Parker* v. *Challis*, 9 Kansas, 155; *Motz* v. *Detroit*, 18 Mich. 495; *In re Washington Avenue*, 69 Pa. St. 352, 361; Dillon on Municip. Corporat. § 596.

And assessments by the acre for constructing levees have been sustained. Cooley on Taxation, 443; *Daily* v. *Swope*, 47 Miss. 367; *Egyptian Levee Co.* v. *Hardin*, 27 Mo. 495.

*Brewer* v. *City of Springfield*, 97 Mass. 152, holds that an assessment for benefits by the value of the land exclusive of buildings is legal.

There has been like legislation before the adoption of the Constitution and continued since. Ames, C. J., cites instances *In the Matter of Dorrance Street*, 4 R. I. 230, 254.

*June* 18, 1880. DURFEE, C. J. The complainants, who are owners of lots abutting on North Main Street, in the city of Providence, and who, as such, have been assessed for the construction of a sewer in that street, under Pub. Laws R. I. cap. 313, § 4, of March 28, 1873, bring this suit to have the assessments set aside as void on the ground that section 4 of chapter 313 is unconstitutional. The section provides that all such assessments as are laid under certain statutes, for the construction of sewers in the city of Providence, shall be made upon all estates abutting upon those portions of the streets or highways in which the sewers have been or may be constructed, at the rate of sixty cents for each front foot, and one cent for each square foot, extending back one hundred and fifty feet; provided that when the estates lie between two streets the assessments per square foot shall not extend to more than half the distance between the streets; and that, when an estate lies at a corner, it shall not be assessed more than once for each square foot and each linear front foot. The complainants contend that such a mode of assessment is unequal and unfair, and consequently unconstitutional. Their chief complaint

is that the assessments are not proportioned either to the benefits received or to the value of the estates assessed, but are mathematically determined by area and frontage. In this way, they say, an unimproved suburban lot may be more heavily assessed than an improved lot in the centre of the city, which has many times its value, and derives a vastly greater benefit from the improvement. They also call attention to the fact that certain streets in the eastern part of the city lie along a hillside, so that when a sewer is built in one of them, the abuttors on the lower side are much less benefited than the abuttors on the upper side, though there is no recognition of the difference in the assessments.

It cannot be denied that these complaints are founded in fact. But the question is, Do they warrant our holding that the statute complained of is unconstitutional. The question is not new either in principle or form. In this State, however, the question is new in the precise form in which it now arises, though it is closely allied in principle to the question decided in 1857, in the case of *Deblois* v. *Barker*, 4 R. I. 445. That case involved the constitutionality of a statute, enacted in 1853, making abuttors liable for the cost of curbstones set in front of their lots. The court sustained the statute, being of the opinion that there was no practical unfairness in the mode of assessment. It is difficult to discover any *essential* distinction between that case and the case at bar. In other States it has been repeatedly decided that statutes authorizing assessments for sewers or other street improvements on the abutting lots according to their frontage, and without regard to value or benefit received, are constitutional and valid. Such assessments under statutes, or city ordinances authorized by statute, have been decided or recognized to be valid in Pennsylvania : *Magee* v. *Commonwealth*, 46 Pa. St. 358 ; *Stroud* v. *City of Philadelphia*, 61 Pa. St. 255 ; *In re Washington Avenue*, 69 Pa. St. 352, 361 ; in Indiana : *Palmer* v. *Stumph*, 29 Ind. 329 ; in Vermont : *Allen* v. *Drew*, 44 Vt. 174 ; in Ohio : *Ernst* v. *Kunkle*, 5 Ohio St. 520 ; *Upington* v. *Oviatt*, 24 Ohio St. 520 ; in Kansas : *Parker* v. *Challiss*, 9 Kans. 155 ; in Michigan : *Motz* v. *City of Detroit*, 18 Mich. 495 ; in New Jersey : *State* v. *Fuller*, 34 N. J. Law, 227 ; in Missouri : *City of St. Louis* v. *Clemens*, 49 Mo. 552 ; and in California : *Emery*

v. *San Francisco Gas Co.* 28 Cal. 345; *Chambers* v. *Satterlee,* 40 Cal. 497, 514; *People* v. *Lynch,* 51 Cal. 15. In Missouri, an assessment for a street improvement on abutting lots, according to their area, has been held to be valid. *City of St. Louis* v. *Oeters,* 36 Mo. 456. And assessments according to acreage, for the construction of levees, have been held to be valid in both Missouri and Mississippi. See, also, *Selby* v. *Levee Commissioners,* 14 La. An. 434. In Michigan, however, assessments for street improvements according to area, not limited to abutting lots, have been held to be too clearly unequal to be sustained. We do not find any case in which, as in the case at bar, a combination of area and frontage has been made the basis of assessment; but we think it clear that their combination, as they are here combined, rather adds to, than diminishes, the fairness of the assessment.

The reasons given for decision in the cases above cited are two. The first is, that such assessments are a species of taxation, and the power of taxation is so high and sovereign a power, and withal so essential to the conservation and progress of society, that it ought not to be limited by judicial construction without strict necessity. The second is, that such an assessment, though theoretically more unequal than an assessment in the ratio of benefits received or than an *ad valorem* assessment, is nevertheless, in its practical operation, a very fair substitute for either of them, especially when it is considered that the improvements are intended to be permanent, and that present inequalities may be redressed by the changes of the future. It is admitted that these reasons are valid only in respect of improvements in the compact parts of large towns or cities; and that an assessment by front foot for a street improvement, extended to rural lots or farm lands, is so plainly unfair or extortionate that it cannot be sustained. *Seeley* v. *City of Pittsburgh,* 82 Pa. St. 360; *Kaiser* v. *Weise,* 85 Pa. St. 366.

We confess that these reasons are not perfectly convincing. But the question is whether, reinforced as they are by so many precedents, they are not sufficient. The first reason is the stronger; for, without doubt, the propriety of any given tax and the modes in which it shall be apportioned and assessed are legis-

lative matters, with which the courts will not interfere unless the legislature has palpably transgressed some limitation of the Constitution. The complainants contend that the legislature here has so transgressed. But our Constitution is extremely latitudinarian. It contains no restriction except what is implied in the declaration that " the burdens of the State ought to be fairly distributed ; " and this declaration, as was said in *In the Matter of Dorrance Street*, 4 R. I. 230, 249, expresses no more than would be implied without it, " from the fact of our free institutions and the general principles of constitutional law." To entitle us to hold that the statute authorizing these assessments is unconstitutional, we ought to be satisfied, not only that fairer modes of assessment might be devised, but that the prescribed mode is indefensibly unfair ; for in a matter of legislative policy, it will not do for the court to substitute their own judgment for that of the General Assembly, and to convict the General Assembly of fatal error simply because they differ from it in opinion. The complainants have found no case from any State having a Constitution like ours, in which such assessments have been declared void.. They cite cases from Illinois and Alabama in which such assessments were pronounced unconstitutional ; *City of Chicago* v. *Larned*, 34 Ill. 203 ; *Mayor, Aldermen, &c. of Mobile* v. *Dargan*, 45 Ala. 310 ; but in Illinois the Constitution requires that assessments for corporate purposes shall be " *uniform* in respect of persons and property," and in Alabama the Constitution requires that all taxes on property shall be " in exact proportion to the value of such property." In Connecticut, in the case of *Clapp* v. *City of Hartford*, 35 Conn. 66, the court held that an assessment by frontage was unreasonable and could not be sustained, but they so held, not under the Constitution of the State, but under a city charter which required that assessments should be proportional, meaning, as the court thought, that they must be proportioned to the benefits received. The mere fact that a tax operates unequally does not make it void if it is not designedly oppressive and unfair. Cooley on Taxation, 125–128. The statute here was doubtless designed for the compact parts of the city, and it does not appear that it will be necessary to apply it elsewhere. The General Assembly must have known this, and,

knowing it, it probably supposed that the statute would generally operate equitably, and that, under the limitations prescribed in it, it would not lead to any serious injustice even in exceptional cases, while, at the same time, it would avoid the litigation incident to other modes of assessment. We are not prepared to say that in this the General Assembly committed any fatal error, though we think an assessment according to benefit would have been more unquestionably right. Even in the case of a hillside sewer, it is not clear that the benefit, even to the lower abuttor, will not be equivalent to the burden, if such equivalence is required. But we are not satisfied that such equivalence, except in some large and general way, as a matter of average, is required. If it were required, an assessment by valuation would often be more indefensible even than an assessment by area and frontage. The idea that a full equivalence is necessary rests on an assumption that the legislature has a right to *compel* a man to pay for benefits conferred what they are worth, whether he wants them or not, whereas we do not see how it can be deemed " due process of law " for the legislature to do this except under the power of taxation, the exercise of which is not, in our opinion, dependent for its justification upon any exact or full equivalence of benefit to burden, though doubtless a special tax without any special benefit, approximately equivalent as a general rule, would be too grossly unfair to be sustained. We are of the opinion that such assessments are to be regarded as a species of taxation, and that, with a view to them, a city may properly be subdivided into numerous tax districts, each made up of abutting lots or estates, because in that way the burden chiefly falls where the benefit chiefly accrues ; and, regarding them in that light, we think it may be enough that a statute authorizing them is intended to be practically fair, and is not in fact oppressive in its operation. We therefore decide that the statute here, as applied in the compact part of the city, is constitutional, or is at least not so clearly unconstitutional that it is our duty to declare it void.

The complainants make the further point that an assessment under the statute may bring in more money than is required for the construction of the sewer ; they submit testimony to show

that this has happened in several instances, and they contend that the statute is unconstitutional on account of it. We think, however, it would be preposterous to hold the statute unconstitutional on that account, for the sewer could be readily made expensive enough to exhaust the proceeds of the assessment. But, though the statute is not unconstitutional on that account, it is doubtless true that the proceeds of the assessment must either be wholly expended on the sewer, or, if not so expended, the surplus must be held by the city ratably for the abuttors, and cannot be diverted to any purpose for which the city had no authority to raise it.

The complainants also contend that the statute is unconstitutional because it does not direct any notice to be given of the assessment, and does not give any right of appeal by which errors in the assessment may be corrected. We presume the General Assembly considered the assessment so purely a matter of measurement and arithmetical computation, that no error of any moment was likely to occur, and that therefore no provision for notice or appeal was necessary. See *Clapp* v. *City of Hartford*, 35 Conn. 66, 80. Previously, under other forms of taxation or assessment, it has been usual in this State to require notices to be given ; but such notices, it has been held, are not essential to the validity of such a tax or assessment. *Stuart* v. *Palmer*, 17 N. Y. Supreme Ct. 23 ; *McMicken* v. *Cincinnati*, 4 Ohio St. 394 ; see, also, *Allen* v. *City of Charlestown*, 111 Mass. 123. It has been held by the Supreme Court of the United States, that such an assessment without notice and without any right of appeal is not void for repugnancy to the provision of the Fourteenth Amendment of the Constitution of the United States, that no State shall "deprive any person of life, liberty, or property, without due process of law." *McMillen* v. *Anderson*, 5 Otto, 37 ; *Davidson* v. *New Orleans*, 6 Otto, 97. It is enough, the court hold, if the person assessed has an opportunity to contest the validity of the assessment in some judicial proceeding after it has been made. We are not prepared, therefore, to pronounce the statute unconstitutional on this ground.

Finally, the complainants contend that the assessment here is void because the statute under which it was made was passed after the sewer, to pay for which it was made, had been con-

structed. The statute which was applicable when the sewer was constructed differed materially from the present in its methods and results. The present statute is, therefore, retrospective in its operation, and the question is, whether it is not unconstitutional on that ground. We do not think it is. Our Constitution does not inhibit retrospective legislation simply because it is retrospective; and it has been held that, in the absence of such an inhibition, a statute authorizing an assessment to pay for a local improvement previously made, on the estates specially benefited, is valid. *Howell* v. *City of Buffalo*, 37 N. Y. 267; *Matter of Van Antwerp*, 1 N. Y. Supreme Ct. 423; *Butler* v. *The City of Toledo*, 5 Ohio St. 225. The statute here is the less objectionable, because it was not designed for an isolated case, but creates a system for the whole city.

Our conclusion is, that the complainants are not entitled to relief. We have reached this conclusion not without much hesitation, but in obedience to the rule that a statute duly enacted, however questionable it may be in point of constitutionality, is not to be pronounced void for unconstitutionality until the court is clearly convinced of it.

*Decree entered July* 3, 1880, *dismissing the bill, but without costs.*