Speak, J.
The preliminary statement presents, the question whether the proceedings relating to the-assessment were invalid (1) because the assessment against plaintiff’s lands was by the foot front;., or (2) because the improvement was not of any benefit to the lands, but rather a damage, and that,, therefore, the assessment was the taking of plaintiff’s property without due process of law; or (3)) because the assessment was in excess of twenty-five-per cent, of the fair market value of the plaintiff’s, lands to the depth of 150. feet after the improvement, was made.
1. As to the assessment by the foot front. It is. conceded that, should the court be governed by its-, previous decisions, notably Ernst v. Kunkle, 5 Ohio St., 520, Upington v. Oviatt, 24 Ohio St., 232, and Findlay v. Frey, 51 Ohio St., 390, the assessment could not be held invalid simply because it was undertaken to be made by the foot front. But the contention of plaintiff is that the case at bar is controlled by the recent decision of the supreme court of the United States in the case of Norwood v. Baker, 172 U. S., 269. And it may be conceded that, if the principle of the above case applies to the case made by the record in this case, the assessment would of necessity, be held invalid, and the judgment below reversed. We look, therefore, to the record of theNorwood case to see whether or not we have a like-case here.
The defendant in error in that case, Mrs. Baker,, owned land in the village of Norwood through which the village authorities opened a street by a proceeding in condemnation, and paid to her the. ascertained value of her land, assessed irrespective of benefit to her, viz.: $2,000. By proceedings by and before the-village council the cost and expense of the condem *6 nation, including the compensation thus paid, cost of the condemnation proceedings, cost of advertising and all other costs, amounting in all to $2,-218.58, were assessed against the abutting property of Mrs. Baker, and the same was entered upon the tax duplicate and sent to the county treasurer for collection as a lien and charge against the abutting property so assessed. The ordinance provided that .such cost and expense of the condemnation of the property “should be assessed per foot front upon the property bounding and abutting.” This upon the supposed authority of section 2264, Revised Statutes, which provides * * * * “The council may decline to assess the cost and expenses in the last section mentioned, or any part thereof, or the costs and expenses of any part thereof of such improvement, except as hereinafter mentioned, on the general tax list, in which event such costs and expenses, or any part thereof, which may not be so assessed on the general tax list, shall be assessed by .the council on the abutting and such adjacent and contiguous or other benefited lots and lands in the corporation, either in. proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the foot front of the property bounding and abutting upon the improvement, as the council by ordinance setting forth specifically the lots and lands to be assessed may determine before the improvement is made, and in the manner and subject to the restrictions herein contained * * * * »
Mrs. Baker commenced a suit in equity in the circuit court of the United States for the southern district of Ohio to enjoin the collection of the assessment. A decree having been rendered in her favor in that court, the case was appealed to the supreme *7 court. Her suit in both courts proceeded upon the ground that the assessment in question was in violation of the fourteenth amendment, providing that no State shall deprive any person of property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws, as well as of the bill of rights of the constitution of Ohio. This contention was sustained, the court holding in the syllabus that “The principle underlying ■special assessments upon private property to meet the cost of public improvements is-that the property upon which they are imposed is peculiarly benefited, and, therefore the owners do not in fact pay anything in excess of what they receive by reason ■of such improvement. The exaction from the owner ■of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation. * * * * The constitution of Ohio authorizes the taking of private property for the purpose of making public roads, but requires a compensation to be made, therefor to the owner, to be assessed by a jury, without deduction for benefits. The statutes of the State * * * * make provision for the manner in which this power is to be exercised. In the case ■of the opening of a new road, they authorize a special •assessment on bounding and abutting property by the front foot for this entire cost and expense of the improvement, without taking the special benefits into account. The alleged improvement in this case was the construction through property of the appellee of a street 300 feet in length and 50 feet in width, to connect two streets of that width running from each end in opposite directions. In the proceedings *8 in this case the corporation of Norwood manifestly went upon the theory that the abutting property could be made to bear the whole cost of the new road, whether it was benefited or not to the extent of such cost, and the assessment was made accordingly. This suit was brought to obtain a decree restraining the corporation from enforcing the assessment against the plaintiff’s abutting property, which decree was granted. Held, that the assessment was,, in itself, an illegal one, because it rested upon a basis that excluded any consideration of benefits. * *
It is important to note that the record no where shows that the question of benefits to the property assessed was considered by the council, and that there is an absence of any showing that the property was benefited, and it seems to be apparent from the foregoing, that the gist of the holding is that the proceeding of council, having been conducted upon a rule which excluded the consideration of the question of benefits, and placed the burden upon the land on a theory inconsistent with such consideration, the assessment is, therefore, an illegal one. This conclusion is further shown by the language of the majority opinion delivered by Mr. Justice Harlan. At page 278 these words: “But does the exclusion of benefits from the estimate of compensation to be made for the property actually taken for public use authorize the public to charge upon the abutting property the sum paid for it, together with the entire costs incurred in the condemnation proceedings, irrespective of the question whether the property was benefited by the opening of the street?” Again, at page 279 this language: “But the guaranties for the protection of private property would be seriously impaired, if it were established as a rule of constitutional law, that the imposition by the *9 legislature upon particular private property of the entire cost of a public improvement, irrespective of any peculiar benefits accruing to the owner from such improvement, could not be questioned by him in the courts of the country. It is one thing for the legislature to prescribe it as a general rule that property abutting on a street opened by the public shall be deemed to have been specially benefited by such improvement, and therefore should specially contribute to the cost incurred by the public. It is quite a different thing to lay it down as an absolute rule that such property, whether it is in fact benefited or not by the opening of the street, may be assessed by the front foot for a fixed sum representing the whole cost of the improvement, and without any right in the property owner to show, when an assessment of that kind is to be made, that the sum so fixed is in excess of the benefits received. In our judgment the exaction from the owner of private property of the cost of a public improvement in substantial excess of the benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation.” And, at page 290, after referring to the provisions of section 2264, Revised Statutes, this: “It thus appears that the statute authorizes a special assessment upon the bounding and abutting property by the foot front for the entire cost and expense of the improvement, without taking special benefits into account. And that was the method pursued by the village of Norwood.' The corporation manifestly proceeded upon the theory that the abutting property could be made to bear the whole cost of the improvement, whether such property was benefited or not to the extent of such cost.” Also at page 294 this: “While abutting *10 property may be specially assessed on account of the expense attending the opening of a public street in front of it, such assessment must be measured or limited by the special benefits accruing to it, that is, by benefits that are not shared by the general public; and that taxation of the abutting property for any substantial excess of such expense over benefits will, to the extent of such excess, be a taking of private property for public use without compensation.” Again, at page 293, referring to the decree of the circuit court, this language is found: “It should be observed that the decree did not relieve the abutting property from liability for such amount as could be properly assessed against it. Its legal effect, as we now adjudge, was only to prevent the enforcement of the particular assessment in question. It left the village, in its discretion, to take such steps as were within its power to take, either under existing statutes or under any authority that might thereafter be conferred upon it, to make a new assessment upon the plaintiff’s abutting property for so much of the expense of opening the street as was found on due and proper inquiry to be equal to the special benefits accruing to the property.” Mr. Justice Gray, Mr. Justice Shiras and Mr. Justice Brewer dissented from the judgment of the majority. The dissent seems to be based upon the proposition that the fixing of the limits of the taxing district is a legislative function, properly determinable by the council and that the determination is conclusive. In the dissenting opinion of Mr. Justice Brewer, at page 302, occurs this language: “The testimony is equally silent as to the matter of damages and benefits. There is not only no averment, but not even a suggestion, that any other property than that abutting on the proposed improvement and belonging to *11 plaintiff, is in the slightest degree benefited thereby. Nor is there an averment or suggestion, that her property, thus improved by the opening of a street, has not been raised in value far above the cost of improvement. So that the legislative act charging the cost of improvement in laying out a street (and the same rule obtains if it was the grading, macadamizing or paving of the street), upon the property abutting thereon, is adjudged not only not conclusive that such property is benefited to the full cost thereof, but further that it is not even prima facie evidence thereof, and that before such an assessment can be sustained it must be shown, not simply that the legislative body has fixed the area of the taxing district, but also that, by suitable judicial inquiry, it has been established that such taxing district is benefited to the full amount of the cost of the improvement, and also that no other property is likewise benefited. The suggestion that such an assessment be declared void because the rule of assessment is erroneous, implies that it is prima facie erroneous to cast upon property abutting upon an improvement the cost thereof; that a legislative act casting upon such abutting property the full cost of an improvement, is prima facie void; that, being prima facie void, the owner of any property so abutting on the improvement may obtain a decree of a court of equity cancelling in toto the assessment without denying that his property is benefited by the improvement, or paying, or offering to pay, or •expressing a willingness to pay, any sum which may be a legitimate charge upon the property for the value of the benefit to it by such improvement.”
Enough has been given, we think, to make it clear that the ground of the relief granted to the land owner by the circuit court, sustained by the supreme *12 court, was that there had been an assessment against her lands without regard being had to the-question whether or not the lands would be benefited by the improvement, the difference of opinion among the members of the Court seeming to be that,, while by the majority the action of the council, as. exhibited in the record, was considered as conclusively showing that no attempt had been made to. assess according to benefits, the minority held to the opinion that the action taken by the council impliedly shows that benefits were considered, and that at least the record establishes prima faciethat the assessment was legal. In either view it seems to us apparent that had the record shown affirmatively that the lands were benefited to an amount equal to the cost of the improvement so assessed, no injunction restraining the collection of' the assessment could properly have been allowed.
How is it with the case at bar? The record discloses that the question of benefits to the land assessed was made an issue, being tendered by the-plaintiff herself, and that, upon that issue, the finding of the trial court is distinct that “The improvement of Church street is a benefit to plaintiff’s said property, and that the amount of benefit to said property is more than the amount of said assessment against the same.” Perhaps this finding may be assumed to involve also the conclusion, inferentially,. that the cost and expense of the improvement, had been properly apportioned among the lots and lands benefited thereby. However, this latter suggestion may be unimportant in view of the fact that there is in the present case, no claim that the cost and expense of the improvement had not been apportioned fairly between the property of plaintiff af *13 fected by the assessment, and that of others so affected.
Undoubtedly, as has been held by this court again and again, the principle which permits the assessment of the cost of local improvements upon abutting and contiguous lands, is that such property re•ceives benefit beyond that common to the public at large, and the conclusion would naturally follow, and does follow, that such assessment can in no ■case, save by express consent of the owner, lawfully ■exceed such benefit. It follows, further, that any ■system which results in imposing such assessments without respect to benefits must be vicious and unsound. But we are dealing with a case where the ■court has determined, upon a trial, that the benefit in fact exceeds the amount of the assessment, and yet where the plaintiff asks the interposition of a court of equity to prevent the commission of an alleged wrong upon her property. We are of ■opinion that the Norwood case does not control the case at bar, and that the relief prayed for should not be granted simply because the proceedings of the council do not show affirmatively that the assessment was assessed according to benefits, nor that the subject of benefits was not, by that body, taken into consideration.
The questions involved are of high importance to many of the municipalities of the state, as the validity of a large number of assessments is likely to be affected by the disposition of the issues as they shall finally be determined. We, of course, bow cheerfully to the judgment of the supreme court ■of the United States, in all cases coming within its cognizance, but, at the same time, feel that it is our duty to follow the decisions of this court, except where they have been distinctly overruled by that *14 court, or are clearly inconsistent with its holdings. A public duty will be performed by the submission of the issues in this case to that tribunal for its judgment thereon.
2. The foregoing sufficiently disposes of plaintiff’s second proposition and no further comment on that is needed.
3. Does the record show that the assessment was in excess of twenty-five per cent, of the fair market value of the lands to the depth of 150 feet after the improvement was made? The plaintiff owned a parcel of land fronting over 700 feet on the street. It was in one tract; land in bulk, in other words. A considerable part (some 250 feet of frontage) was below the grade of the street and had a ravine through it and was used for pasturage purposes. If that part should be assessed separately from the remainder of the tract on which the dwelling house is situated, the value would be less than four times the assessment for the improvement. But the value of the whole tract to a depth of 150 feet, after the improvement was made, was much more than four times the amount of the assessment.
The contention is that the council, and upon its neglect to do so, the court, should have divided the parcel thus standing in bulk, and that the court should grant relief by enjoining the assessment as to that portion which is in value less than four times, the amount of the assessment. There is plausibility-in the claim that the rule adopted reaches an unfair and inequitable result, and perhaps it is sufficiently-important to call for legislative action on the subject. But we are of opinion that the authorities giving construction to the statutes are against the claim as a legal proposition. Section 2269, Revised *15 Statutes; Cincinnati v. Oliver, 31 Ohio St., 371; Griswold v. Pelton, 34 Ohio St., 482.
Other questions are argued. We have considered them but do not regard any as requiring a reversal of the judgment.

Judgment affirmed.