CITY OF ST. LOUIS TO USE OF JAMES CREAMER, Respondent, *v.*
OTTO ŒTERS, Appellant.

1. *City of St. Louis—Sewers—Special Tax.*—Under the provision of act of
March 14, 1859, (Sess. Acts 1858-9, p. 168,) the City of St. Louis has
authority to direct district sewers to be made whenever the city council
shall consider such sewers necessary, without a petition from a majority
of the property owners or the recommendation of the board of health.
2. *City of St. Louis—Special Tax—Evidence.*—By the provisions of the act of
Jan. 16, 1860 (Sess. Acts 1859-60, p. 382), the special tax bill, certified
by the city engineer, is *prima facie* evidence of the liability of the person
therein named as the owner of the property.
3. *Constitution—Evidence.*—It is competent for the Legislature to change the
rules of evidence, and prescribe what shall be the effect of evidence in
future suits, as well as to change the remedy.

*Appeal from St. Louis Circuit Court.*

This suit was for building a sewer, brought on a special tax
bill certified by Truman J. Homer, city engineer, "that the
charge against the property in the bill described is correct
and in accordance with § 14 of 'An act amendatory of and
supplementary to the several acts incorporating the City of
St. Louis,' approved March 14, 1850, and also § 4 of 'An act
supplementary to the several acts incorporating the City of
St. Louis,' approved January 16, 1860. The receipt attached,
signed by James Creamer, contractor, will cancel the charge
against the property named above." Dated July 26, 1860.

The suit was brought under ordinances Nos. 4508 and 4635
of the City of St. Louis, and under § 14 of an act of the General
Assembly of the State of Missouri, entitled "An act amenda-
tory of and supplementary to the several acts incorporating
the City of St. Louis," approved March 14, 1859. The
amount claimed was $104.45.

At the trial the plaintiff proved the signatures to the cer-
tified special tax bill, also those to contract No. — of the files
in the city engineer's office, whereby James Creamer purports
to contract with the city for building a sewer in "West First
street sewer district, north of Poplar street," to be finished
1st April, 1860, and then offered the same in evidence ; to

both of which the defendant objected, which objection the court overruled, and they were received in evidence. Plaintiff also offered said ordinances and act of the General Assembly, as well as § 4 of an act of said General Assembly supplementary to the several acts incorporating the City of St. Louis, approved January 16, 1860, which, under like objections, were submitted by the court.

It was proved that said Homer had not charge of the work on the sewer, but that one Vokrath, a deputy city engineer had, and that said Homer knew nothing whatever of the quality, quantity, or character of the work ; also, that there was a natural drainage of the surface of said district ; also, that the sewer was not petitioned for by any property holders of the district. It was admitted that the board of health had not recommended the construction for sanitary purposes ; and it was offered to prove that the work was inadequate to the purpose of a thorough drainage of the district ; that it did not thoroughly drain the property of the defendant, and that it was unnecessary ; which the court excluded.

It was also in proof that James Creamer did not do the re-paving, iron, and cut-stone work ; that in this bill the re-paving, iron, and cut-stone work was charged ; that the latter items were done by other parties, under different contracts.

The " West First street sewer district, north of Poplar street," was established by ordinance No. 4508, August 12, 1859. " North Poplar street sewer district No. 3 " was established by ordinance No. 4635, March 24, 1860, and is a subdivision of " West Main street sewer district." Judgment was rendereed for $139, bearing 15 per cent. interest per annum, and declared a lien on the property.

*Spies,* for appellant.

I. The act directing the assessment of the costs of the sewer, as a special tax against the lots in the district in proportion to the area, &c., is unconstitutional—contrary to § 19 of art. 13 of our State Constitution, which re-

quires all taxation to be in proportion to the value of the property.

II. There is no ordinance authorizing the construction of this sewer.

1. Ordinance 4508 authorizes and directs sewers to be constructed in West First street sewer district, north of Poplar street; but this suit is for a sewer in "North Poplar street sewer district No. 3."

2. Ordinance 4635 only authorizes to be constructed sewers in North Poplar sewer district No. 3, on two conditions, viz.: First, that the property holders have, or shall petition therefor; or second, that the board of health shall recommend it for sanitary purposes.

Neither of which had been done.

III. The ordinances, even if they were supposed to authorize this sewer, are defective.

1. No. 4508 cannot authorize the construction of this sewer before either a majority of the property holders of the district shall have petitioned therefor, or before the same shall have been deemed necessary for sanitary or other purposes. See p. 168, § 14, Laws of Mo., 159—all of which must affirmatively appear of record. Judson v. City of Bridgeport, 25 Conn. 426; also dissenting opinion of C. J. Church and J. Storrs in Nichols v. Bridgeport, 23 Conn. 213, and p. 208. But, instead of this appearing, the contrary was proved.

2. The ordinances must define the number of sewers to be constructed, their location, and, above all, their dimensions, (see same act of 1859,) which neither of said ordinances does.

IV. The tax bill is not *prima facie* evidence.

1. The law does not make it so; § 4, p. 383 of Acts 1859 and 1860 does not, for it is nothing but a blunder, referring to sections in a confused manner, and to words and lines not corresponding with the sections it refers to.

2. The work for which it purports to be was not done in the district stated in the tax bill, nor under contract for such work.

3. The pretended contract was made before this district was established, and this district, according to the ordinance, is no subdivision of the district for which the contract was made; and even if it were, it was not shown that such subdivision was made before the work was begun, as is required by said act of 1859, p. 168.

4. The tax bill is not good as *prima facie* evidence, for the act of January 16, 1860, is not relied on or pleaded in the petition.

V. At all events the tax bill is not more than *prima facie* evidence, and the same was fully disproved—Homer himself proving that he had no knowledge of the facts which the certificate implies. Hence the bill is to be regarded as one without a certificate, and as such no evidence, and there is no other proof of plaintiff's claim.

VI. Vokrath is the only person who could have made the certificate. The law contemplates that the person alone who has knowledge of the facts shall certify the same.

VII. The certificate is too general. It should state facts, not conclusions.

VIII. A thorough drainage of the district being a condition of the defendant's liability, both by said act of 1859 of the General Assembly of Missouri and said ordinances, proof that the sewer did not effect a thorough drainage should have been admitted.

IX. If the act of the General Assembly of Missouri of Jan. 16, 1860, (Laws of 1859 and 1860, p. 383,) were applied to this cause, such application would be retrospective; for the contract relied on was made Dec. 1, 1859, and said law went only into force April 17, 1860, and by contract the work was to be finished April 1, 1860. "It is a rule never to apply a statute retrospectively by mere construction. If not retrospective in its terms, or ambiguous in relation to its effects and application to past events, courts must consider it prospective merely." (Jarvis v. Jarvis, 3 Edwards, 462, and cases there cited; Warren Man. Co. v. Ætna Ins. Co.,

2 Paine, U. S. C. C. 501.) It is similar with ordinance 4635, which was passed March 24, 1860.

X. The judgment should not have been for the lien on the property, nor for 15 per cent., as the charge in the bill is one item, and some of the work, &c., done, not under Creamer's contract, nor done by him. (Edgar v. Salisbury, 17 Mo. 271.)

*Mauro*, for respondent.

I. This is an action on a tax bill issued by the City of St. Louis under the provisions of an act entitled " An act amendatory of and supplementary to the several acts incorporating the City of St. Louis," approved March 14, 1859. (Acts of 1859, p. 165 ; Rev. Ord. of 1861, p. 213.) By the terms of that act the City of St. Louis has full authority to establish sewer districts at pleasure ; to subdivide, enlarge or change the same by ordinance at any time before the construction of a sewer therein, and to cause sewers to be constructed therein whenever the common council shall see fit. (See § 14.)

II. By the terms of an act entitled " An [act] supplementary to the several acts incorporating the City of St. Louis," approved Jan. 16, 1860, (see Rev. Ord. p. 228, § 4 ; Session Acts of 1860, p. 383, § 4,) section 14 of the act of March 14, 1859, is so amended that the special tax bill therein authorized to be issued is made *prima facie* evidence of the validity of the charge against the property, and the liability of the person named as the owner thereof.

The burden of proof, then, lies upon the defendant in this case to establish a valid defence to the action, which has not been done or attempted.

III. All other points in this case have been fully settled by the Supreme Court, in various decisions. (Lockwood v. City, 24 Mo. 20 ; Palmyra v. Morton, 25 Mo. 598 ; Egyptian Levee Co. v. Hardin, 27 Mo. 493 ; City of St. Joseph v. Anthony, 30 Mo. 539. See authorities referred to in Lockwood v. City, cited above.)

HOLMES, Judge, delivered the opinion of the court.

This was a suit upon certified special tax bills for the cost of construction of a district sewer in the city of St. Louis, under the act of March 14, 1859. (Laws of 1858–9, p. 168, § 14.)

By this act, the city has power by ordinance to establish a general system of sewers, to consist of public, district, and private sewers. District sewers are to be established within the limits of districts to be prescribed by ordinance, and the districts may be subdivided, enlarged and changed, by ordinance, at any time previous to the construction of a sewer therein. The common council is authorized " to cause sewers to be constructed in each district, whenever a majority of the property holders resident within the district shall petition therefor, or whenever the council may deem such sewer necessary for sanitary or other purposes," to be made of " such dimensions as may be prescribed by ordinance"; and as soon as such district sewer shall have been fully completed, the city engineer, or other officer having charge of the work, is to compute the cost of the work and assess it as a special tax upon the lots of ground in proportion to the area of the whole district, and the certified bill is to be made out against the lot in the name of the owner, and delivered to the contractor for the work, to be collected by him by ordinary process of law in the name of the city, to his own use; and the certified bill is to be a lien on the lot.

The power of the city to order the construction of a district sewer is not limited to cases of a petition by a majority of the names, or of a recommendation of the board of health, for sanitary purposes, but extends to all cases where the council shall deem a district sewer necessary for any other purpose. And when the council has, by ordinance, expressly authorized such sewer to be built, it is to be presumed that it was deemed necessary for some purpose, and of that matter the council is to determine for itself. It does not concern the defendant here.

By ordinance dated the 12th of August, 1859, the " West

First street sewer district" was established, and the city engineer was authorized to cause a district sewer to be constructed therein. On the first day of December thereafter a contract was made with the plaintiff, Creamer, for the construction of the sewer in question, and the work proceeded. Afterwards, on the 24th of March, 1860, this district was subdivided by ordinance into two, this sewer falling within the second, on " North Poplar street sewer district No. 3," and by this ordinance the city engineer was authorized to cause district sewers to be constructed therein in all cases where a majority of the property owners shall have petitioned therefor, or when the board of health shall have recommended a sewer therein for sanitary purposes. This ordinance could have no retrospective operation upon the previous contract. Whether or not it came within the power given by the act, can have no importance for the defendant here.

By the fourth section of the act of January 16, 1860, which went into force on the seventeenth day of April following, the fourteenth section of the previous act was amended by adding after the words " until paid," a clause which made the certified tax bill, in any action brought to recover the amount thereof, *prima facie* evidence of the validity of the charge against the property therein described, and of the liability of the person therein named as the owner of the property." (Laws of 1859-60, p. 382, § 4.) The section as printed (evidently by some misprint or clerical mistake) places the amendment in the " twenty-ninth" instead of the thirty-ninth line of section " nineteen " instead of "*fourteen*," as it should be ; but notwithstanding their errors, there is enough clearly to designate both the section and the place in the section where the amendment is to come. There is nothing in this that can avail the defendant in his defence.

The certified tax bill was made out and dated the 26th of July, 1860, after the work was completed, and in conformity with the act under which the contract was made and the

work done. The previous amendment of the act has the effect only to make the bill *prima facie* evidence, when it would not have been such evidence before the amendment.

There can be no doubt it is competent for the Legislature to change the rules of evidence, and prescribe what shall be the effect of documentary evidence of this kind in all future suits, as well as to change the remedy. It cannot be considered as inapplicable to the present case, or as inoperative upon third parties by reason of any *retroactive* character. So far as it may have any such retrospective operation, it came within the power of the Legislature to change the law in such matters.

The cause of action accrued after the amendment was made : it does not change the rules of decision of a civil cause, upon facts existing previous to the making of the law, and relating to the grounds of the action or of the defence. (Woart v. Werneick, 3 N. H. 973 ; Smith, Const. Law, §§ 155, 168, 381, 368.)

It is objected by defendant that the ordinance did not prescribe the dimensions of the sewer. The act gives the council power to prescribe the dimensions, and the ordinance authorizing the city engineer to construct the sewer, gave him power to determine the dimensions of this particular sewer. It is not made a condition precedent either of the power of the council or of the authority of the engineer We do not see that this objection can be of any avail to the defendant.

It is insisted further that the city engineer had no authority to certify this particular bill, for the reason that the work was done under the immediate charge of another person, who was employed in his department and was acting under his authority. The city engineer is to be considered as having charge of all work done under his authority in his department. He is supposed to be acquainted with whatever is done under his direction ; and the bill, when certified by him, is to be *prima facie* evidence only. The defendant may rebut it by disproving any material fact, or the correctness

of the bill; but the mere circumstance that the engineer does not know of his own personal knowledge all the details of the bill, or that the work was not actually done under his eye, can be of no importance in the matter.

Exception was taken, also, to the admission of a certified bill made out in the name of John Weinhamer, to be discharged by the receipt of the plaintiff Creamer. This bill appears to have been for the same amount as that certified in the name of Creamer, for which the judgment is given. This bill, in the name of Weinhamer, was certainly not admissible under the petition as a bill against the defendant; but it does not appear to have had any effect upon the verdict, and must have been regarded as irrelevant or immaterial. It seems to have been offered under an agreement of counsel in reference to another case, and in connection with other evidence tending to show that some of the items of the work were done by other mechanics under some arrangement with the plaintiff, whereby he was to have the benefit of their contract with the city in the matter of the price, and the whole was to be included in the certified bill in his favor; and he was to be accountable to them. It amounted to nothing more than a sort of sub-contract under Creamer, for certain parts of the work; and it is not apparent how it could have been of any disadvantage to the defendant. We see no ground here for reversing the judgment.

The question raised as to the unconstitutionality of the act in respect to the mode in which the tax is levied, has already been decided by this court in several cases. (City of St. Joseph v. Anthony, 30 Mo. 539; Egyptian Levee Co. v. Hardin, 27 Mo. 493; Lockwood v. City, 24 Mo. 20.)

There were some other objections made by the defendant, which we do not think it necessary to notice in detail. The judgment appears to have been given for the right party, and we have not found any such error as would warrant a reversal.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.