DAVID ANDERSON, Respondent, *v.* LEONARD B. HOLLAND, Appellant.

*Revenue—Municipal Corporations—Special Tax—Lien.*—Under the charter and ordinances of the City of St. Louis, the lien of the special tax for the making and repairing of streets and alleys, commences from the date of the assessment of the tax by the city engineer after the work is completed.

### Appeal from St. Louis Circuit Court.

*Peacock & Cornell,* for appellant.

*Sharp & Broadhead,* for respondent.

FAGG, Judge, delivered the opinion of the court.

By the agreed statement of facts presented, there is but one point for the determination of the court.

Plaintiff sued to recover the sum of $805, paid by him upon an assessment made upon certain leasehold property in the city of St. Louis. The property in question was conveyed by plaintiff to the defendant by deed dated December 1st, 1860. By special ordinance of said city, approved March 31, 1860, a certain kind of pavement was required to be laid upon the street fronting this property. This work, by the charter and ordinances of the city, is made a charge upon the adjoining property, and a special tax is authorized to be assessed thereon in the name of the owner whenever the work is fully completed. The work was not completed nor the assessment made until the 23d of December, 1860. A

certified bill of the assessment was made out against the plaintiff as the owner of the property and payment of the same coerced by legal process.

It is agreed that the deed of lease to the plaintiff contained a provision that the lessees and all persons to whom the lease-hold interest should be transferred, should, whilst the own-ers and holders of said interest pay off and discharge all taxes or assessments to be made by the City of St. Louis, or else said leasehold should become forfeited. This tax was an encumbrance upon the property, and the simple question is whether it attached previous to the conveyance to Holland or not. The amended charter of the city approved January 16, 1860, and entitled "An act supplementary to the several acts incorporating the City of St. Louis," as well as the gen-eral ordinance entitled "Engineer Department," (Rev. Ord. 352,) contain the provisions regulating the mode of enfor-cing payment against the property holders in such cases.

We think that this work became a charge upon the prop-erty from the date of the assessment and certified tax-bill made out by the city engineer in pursuance of the directions contained in the general ordinance before referred to. This point may be regarded as settled by the former decisions of this court—City of St. Louis to use, &c. v. Oeters, 36 Mo. 456; Same v. Rudolph, id. 465; Same v. Clemens, id. 467. In the last case cited it was expressly held that "there is in these cases a specific tax lien on the lot of ground in ques-tion which exists from the date of the assessment." This assessment cannot be made until the work is fully completed and the precise amount of its costs ascertained.

The intention of the law evidently is to make the cost of the work, when ascertained, a direct charge upon the prop-erty itself. It was not designed that the city authorities, or the contractor to whom these tax-bills are authorized to be assigned so as to enable him to collect the same in the name of the city, should become parties to any controversies that might exist between the owners of the property to be charged and persons claiming an interest therein under them.

It makes no difference, however, that in this case the bill was made out against Anderson, who never had anything more than a leasehold interest in the property. Having transferred this interest to Holland previous to the attaching of the lien, and the lease itself requiring the party holding the same to protect the owner of the property against all taxes and assessments upon it authorized by the City of St. Louis, Anderson is now entitled to recover back the amount which he paid to the use of Holland.

The judgment of the Circuit Court was therefore for the right party and must be affirmed. The other judges concur.