ISAAC N. DANN vs. HENRY J. WOODRUFF AND WIFE.

The charter of the city of New Haven provides that upon the completion of assessments for public improvements by the board of compensation, the board shall make a report of its doings to the common council, and that, when such report shall have been accepted and recorded, such assessments shall be deemed to have been made; and that all assessments of benefits shall remain a lien on the property especially benefited, but that such lien shall not continue to exist more than sixty days after such assessment shall have become payable unless a certificate of it is lodged with the town clerk. Held that the lien upon the property began when the assessment was accepted by the common council and recorded, and not when the improvement was ordered.

It is not necessary that it should be found in terms in the assessment that the lands were specially benefited. It is enough if it may be reasonably inferred from the facts which appear that the party assessed received a benefit which the community at large did not receive.

It is not necessary that the assessment should state that it is a proportional and reasonable part of the expense of the improvement for the person assessed to pay. It was the duty of the common council to make such an apportionment, and if the person was liable to the assessment it will be assumed that the apportionment was a fair one. If the person assessed considered it as not so he had his remedy by appeal.

Land assessed was owned by the plaintiff's wife, he having a tenancy by the curtesy in it. Held that, as he had an interest liable to be assessed, his remedy for too high an assessment was by appeal. Also that that was his remedy if there was any irregularity or inequality in assessing it all to him. But that, as he did not choose to insist that his wife should be a party to the assessment, it would be presumed that he waived the objection and consented to take the whole burden upon himself.

[Argued June 15th,—decided July 27th, 1883.]

ACTION to recover damages for the breach of a covenant against incumbrances; brought to the Court of Common Pleas. Facts found and case reserved for advice. The case is fully stated in the opinion.

*J. H. Webb*, for the plaintiff.

*H. E. Pardee*, for the defendants.

CARPENTER, J. This is a suit to recover damages for a breach of the covenant against incumbrances in a mortgage deed given by the defendant to the plaintiff. After the mortgage was foreclosed the plaintiff paid two assessments for benefits, one for a sewer, and one for a pavement; which assessments appeared upon the record of land titles as an incumbrance on the premises. The Court of Common Pleas found the facts and reserved the case for the advice of this court.

A covenant against incumbrances, if broken at all, is broken the instant the deed is given.

The first question which we will consider is, whether, when the deed was given, these assessments were a lien upon the land. The deed was executed and delivered March 21st, 1874.

In April, 1872, the common council of the city of New Haven ordered the construction of a sewer in Orange street in that city, on which street the property in question is situated, and also that the street be paved. The sewer was completed in December, 1873, and the pavement in January, 1874.

A portion of the cost of the sewer was assessed upon the owners of property fronting on the street, including the defendant, Henry J. Woodruff, and apportioned among them. The order which completed the assessment and apportionment passed both branches of the common council and was approved by the mayor in February, 1874. In April, 1874, a portion of the cost of the pavement was in like manner assessed upon and apportioned among the same

property owners. The assessment for the sewer was payable February 21st, 1874, and for the pavement on the 3d day of June of that year. The certificate of lien for the sewer assessment was filed and recorded April 21st, 1874, and for the pavement assessment August 1st, 1874.

The charter of the city, which is found in the session laws of 1869, contains the law of the case. On page 249, sec. 27, it is provided that, "upon the completion of all their assessments (either of damages, or of damages and benefits, as the case may be,) for any such square, park, street, or other public improvement, by said board of compensation, said board shall make a report of all their doings to said court of common council; and when such report shall have been accepted and recorded in the records of the proceedings of said court of common council, each and all of said assessments shall be legally deemed to have been made and done, and not before. Upon the completion by said court of common council of all their assessments for benefits in reference to any such square, park, street, or other public improvement, the doings of said court of common council in the premises shall be recorded; and, when so recorded, each and all of said assessments by said court of common council shall be legally deemed to have been made and done, and not before."

Section 37, (page 253,) provides that all such assessments of benefits shall be and remain a lien upon the property especially benefited; provided that no such lien shall *continue to exist* longer than sixty days after such assessment shall have become payable, &c., unless a certificate, &c., is lodged with the town clerk, &c.

It is apparent from these provisions that the assessments became a lien on the property, not when the improvements were ordered, as claimed by the plaintiff, nor when the certificates of lien were lodged and recorded, as claimed by the defendant, but when the assessments ordered and apportionments made were completed by the common council and recorded—the sewer assessment in February, 1874, before the deed was given, and the pavement assessment after the

deed was given. The latter therefore was not an incumbrance at that time and may be laid out of the case. The sewer assessment, if valid, was an incumbrance on the land and there was a breach of the covenant.

The defendants claim that the assessment was void for the reason that the proceedings do not show that the land in respect to which the assessment was made was especially benefited, and therefore that it does not appear that the parties assessed were especially benefited within the meaning of the statute. The words "especially benefited" are not used in any technical sense. It is not essential that the fact should be stated in those words. If it may be reasonably inferred from the facts which do appear that the defendant received a benefit from the sewer which the community at large did not receive, then it may be truthfully said that he was specially benefited. Now it appears that the defendant was an owner of land, or had a life estate in it, fronting on the street through which the sewer was constructed, and that he could conveniently use it, while it would be of no use to others living in the same city but at a distance from the street. This advantage which the abutting proprietor has over others is what the legislature means by special benefits.

It is next claimed that the orders do not say that the assessment of Henry J. Woodruff is a proportional and reasonable part for him to pay. On the other hand it does not appear that it is not a reasonable part for him to pay. The 16th section of the charter gives authority to "assess upon the persons whose property is, in the judgment of said court of common council, especially benefited thereby, a proportional and reasonable part of the expense thereof," and it is made their duty to "estimate the particular amount of such expense to be paid by every such person upon such assessment." The orders show that a definite sum was ordered to be assessed upon the property owners; and the proceedings show that that sum was apportioned among them, ascertaining definitely the amount which each was to pay. If the apportionment was not equal and fair the defen-

dant might have appealed. As he did not, the assessment must now be presumed to have been proportional and reasonable.

It is also claimed that the land is owned by Mrs. Woodruff, and that her husband is only tenant by the curtesy, and therefore that the whole assessment should not have been made to him. The principle underlying this objection was involved in the point last considered. It is not pretended that the land was assessed too much. If there was any irregularity or inequality in assessing it all to him, or if his interest was assessed too much, he had his remedy by appeal. It cannot be denied that he was interested in the property and liable to an assessment. As he did not choose to insist that his wife should be a party to the assessment it must be presumed that he waived it and consented to take the whole burden upon himself.

We advise judgment for the plaintiff in respect to the first assessment only.

In this opinion the other judges concurred.