ANNIE J. HAMLIN *vs.* MARY V. McCORMICK.

First Judicial District, Hartford, May Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

Under an ordinance which provides for a lien to cover expenses incurred
by a city in laying gutters when the adjoining proprietors neglect
to do so, there can be no lien until such proprietors have failed in
their duty, the work has been done by the city, and the cost is
ascertained. *Semble* that a different rule would apply in the case
of assessments for benefits in connection with public works.

A city ordinance provided that whenever an owner of land fronting
upon a street failed to construct his curb within the time ordered,
the street board should do the work, the cost to "be and remain a
lien in favor of the city upon the adjoining premises." The de-
fendant received notice to construct a curb, and soon afterward
conveyed to the plaintiff by warranty deed. Two months later,
the street board put in the curb and charged the plaintiff with
the cost. *Held* that the land was not subject to the lien when the
conveyance was made, and an action for breach of warranty against
incumbrances would not lie.

Argued May 15th—decided July 26th, 1912.

ACTION to recover damages for breach of warranty
against incumbrances, and for taxes amounting to
$4.85, brought to and tried by the City Court of Hart-
ford, *Bullard, J.;* facts found and judgment rendered
for the plaintiff to recover the taxes only, and appeal
by her. *No error.*

*James B. Henry,* for the appellant (plaintiff).

*Henry J. Calnen,* for the appellee (defendant).

THAYER, J. The defendant deeded to the plaintiff a
parcel of land on Kent and Norfolk streets, in the city
of Hartford, by a warranty deed containing the usual
covenants against incumbrances. Two and a half
years prior to this conveyance, the court of common

council of the city had passed a vote, ordering that curbs should be erected on said streets whenever the street board should so order. About a month prior to the conveyance to the plaintiff, the street board had ordered the construction of such curbs, and given the defendant notice to construct those to be erected in front of the property here in question. She had not constructed them prior to the conveyance to the plaintiff. The latter did not record her deed for nearly two months after she became owner of the property, and about a month subsequent to the conveyance a second notice was given to the defendant to construct the curbs. A month later, the curbs not having been constructed, the street board caused them to be constructed by a third party. Within three months thereafter, the plaintiff paid the cost of constructing the curbs to remove a lien therefor from the premises. The only question raised by the appeal is whether the land was subject to the lien at the time the conveyance was made.

The street board, in constructing the curbs, apparently proceeded under § 107 of the city ordinances, which provides that whenever the owner of any land fronting upon a street or highway shall neglect to make or pave any sidewalk or gutter within the time ordered by the common council, or shall neglect or refuse to keep his sidewalk in good repair, it shall be the duty of the board of street commissioners to make or repair the same, "and the cost of making, or of repairs, and interest thereon, shall be and remain a lien in favor of the city upon the adjoining premises which are liable to be assessed therefor, but a certificate thereof shall be recorded, as is provided in case of assessments for betterments in section 119 of the city charter." Section 119 of the charter relates to the manner of giving notice of, and filing liens for, benefits which have been assessed for public works laid out or completed

pursuant to other sections of the charter, and provides that the assessment for such benefits shall not remain a lien upon the property chargeable therefor for a longer period than three months from the final layout, or completion, unless the street commissioners shall within that time lodge a certificate of lien with the town clerk of Hartford.

The ordinance does not relate to liens for benefits assessed for public works laid out and constructed by the city, but to liens for the expense incurred by the city in making or repairing sidewalks or gutters which it was the duty of the proprietor of the adjoining land to make or repair, which duty he has neglected to perform. Until he has failed in his duty, and the city has constructed or repaired the sidewalk, and the cost has been thus ascertained, there can be no lien. By the ordinance the cost of making the repair, and interest thereon, becomes and remains a lien upon the adjoining premises; but to continue the lien beyond three months from the completion of the work, a certificate must be filed, as provided in the case of assessments of benefits for public works under § 119 of the charter.

There is nothing in the finding indicating that the city ever undertook the construction of the curbs in question as a public work, or made any assessment of benefits accruing, or to accrue, therefrom upon the persons to be benefited thereby. The claimed lien was for the cost of construction, as provided in § 107 of the ordinances. The City Court was correct, therefore, in ruling that no lien for the cost of constructing the curbs existed at the time of the conveyance of the land to the plaintiff.

There is no error.

In this opinion the other judges concurred.