GEORGE H. TOMES *vs.* OLE THOMPSON.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 13th—decided October 3d, 1930.

*Clifford B. Wilson,* for the appellant (defendant).

*Robert C. Mallette,* for the appellee (plaintiff).

BANKS, J.  The complaint is for the foreclosure of a mortgage upon real estate located in the town of Stratford.  The defendant filed a cross-complaint in three counts.  A demurrer to the first and second counts was sustained (*Jennings, J.*) and the defendant amended his cross-complaint by adding a fourth count.  A demurrer to this fourth count was sustained (*Yeomans, J.*), the third count was withdrawn, and, the defendant failing to plead further, judgment was rendered in favor of the plaintiff.  The defendant appeals from the rulings of the court sustaining the demurrers to the cross-complaint and the amended cross-complaint.

The first count of the cross-complaint alleged that on July 28th, 1921, and prior to the giving to the plaintiff by the defendant of the mortgage described in the complaint, the plaintiff deeded to the defendant the property described in the complaint by a warranty deed containing the usual covenants of warranty "against all claims and demands whatsoever"; that in 1917 it was determined to construct a sewage system and sewage disposal plant in the town of Stratford, which work was undertaken in 1919 and the sewage system completed and accepted on August 4th, 1921; that on August 16th, 1921, the sewer commissioners of the town met and determined that the sum of $291.66 should be assessed against the property conveyed by the plaintiff to the defendant on account of the cost of such sewage system, a lien for which amount was duly filed against the property, and a judgment of foreclosure of such lien obtained by the town against the defendant. The second count incorporated the allegations of the first count as to the covenants in the deed from the plaintiff to the defendant and the determina-

tion of the town to construct a sewage system and sewage disposal plant, and alleged that the sewage disposal plant was completed and accepted on November 3d, 1921, that on January 24th, 1922, the amount of $43.40 was assessed against this property on account of the cost of such disposal plant, a lien for which amount was duly filed against the property and a judgment of foreclosure of the lien obtained by the town against the defendant. The plaintiff demurred to both counts upon the ground that it appeared from the allegations thereof that in each case the assessment was made and the lien took effect subsequent to the date of the transfer of the property by the plaintiff to the defendant.

The single question presented by the demurrer to these two counts of the cross-complaint is as to the date when the liens of these assessments for the sewage system and sewage disposal plant attached to this property. If they attached at the time the work was authorized or commenced, as claimed by the defendant, the cross-complaint set up a good cause of action for breach of warranty and the demurrer should have been overruled. If they did not attach until the work was completed and the assessments laid, the demurrer was properly sustained.

The incidence of the lien of an assessment of benefits accruing from a public improvement is to be determined from a consideration of the terms and conditions of the statute or ordinance creating the lien. This sewage system and sewage disposal plant were constructed by the town of Stratford under the provisions of Chapter 264 of the Special Laws of 1913, as amended by Chapter 447 of the Special Laws of 1917 and Chapter 25 of the Special Laws of 1921. This Act, as amended authorized the board of sewer commissioners of the town to adopt a plan for sewage disposal in the town and to construct a sewage system and sewage dis-

posal plant. It authorized the board, after notice to all persons interested, to assess the expense of such public improvement upon any property benefited thereby and provided (§ 6 of Chapter 25 of the Special Laws of 1921) that "all assessments of benefits made under this act and the amendments thereof shall be a lien upon the property specially benefited thereby . . . provided no lien shall continue to exist for more than sixty days after such assessment shall become payable or such expense shall have been incurred, as the case may be," unless within such period a certificate is lodged with the town clerk as provided therein. The Special Act does not expressly fix the date of the incidence of the lien, but it is apparent that it cannot antedate the laying of the assessment since it is the assessment itself which constitutes the lien. The language of the Act is that the assessment "shall be a lien upon the property specially benefited," and, in the absence of any provision that the lien shall relate back to the time when the work was ordered or commenced, or any other fixed date, there can be no lien until there is an assessment—the lien can have no existence prior to the date of the act which constitutes it. That act is—not the commencement of the work of constructing the public improvement in question—but the making of the assessment of the expense of the improvement upon the property benefited. That assessment cannot of course be made until the work is completed and the cost ascertained. The proviso that no lien shall continue to exist for more than sixty days after the assessment becomes payable or the expense has been incurred indicates that the Act does not contemplate the existence of a lien prior to that time. *Dann* v. *Woodruff*, 51 Conn. 203, was an action to recover damages for breach of the covenant against encumbrances in a mortgage deed, it being claimed that the lien of an assessment for street

paving was an encumbrance upon the property when the deed was given. The common council of the city had ordered the street paved and the pavement had been completed prior to the execution of the deed, but the assessment of benefits was not made until after that date. The city charter provided that, upon the completion of the assessment of benefits and damages by the board of compensation, it should make a report to the common council and that the assessment should be legally deemed to have been made when that report was accepted by the common council and recorded. The charter also provided that all assessments of benefits should be a lien upon the property specially benefited, provided that no such lien should continue to exist longer than sixty days after the assessment became payable unless a certificate was lodged with the town clerk in accordance with the provisions of the charter. The court said (p. 205): "It is apparent from these provisions that the assessments became a lien on the property, not when the improvements were ordered, as claimed by the plaintiff, nor when the certificates of lien were lodged and recorded, as claimed by the defendant, but when the assessments ordered and apportionments made were completed by the common council and recorded." This was the date when, by the provisions of the charter, the assessment was deemed to have been made, which, the court held, was the date when the assessment became a lien upon the property. The Special Act here controlling does not fix any arbitrary date when these assessments shall be deemed to have been made, and it must therefore be held that the date of the assessments was that upon which they were actually made, which in each case was subsequent to that of the deed from the plaintiff to the defendant. It follows from the decision in *Dunn* v. *Woodruff* that at the time of the execution of the deed these assess-

ments were not a lien upon the land. In *Hamlin* v. *McCormick,* 85 Conn. 647, 84 Atl. 106, we held that, under an ordinance providing for a lien to cover the expense incurred by a city in laying gutters when the adjoining proprietors neglect to do so, there could be no lien until such proprietors had failed to act, the work had been done by the city, and the cost ascertained; though that was not the case of an assessment of benefits for public works constructed by the city.

In other jurisdictions it has been held that, when the statute creating the lien does not expressly fix the time when it shall attach, it accrues upon the assessment of the tax. *Dyer* v. *Dobler,* 137 Md. 682, 113 Atl. 332; *Anderson* v. *Holland,* 40 Mo. 600; *Jones* v. *Schulmeyer,* 39 Ind. 119; 44 Corpus Juris, p. 803, § 3412, note. In *Hester* v. *Collector of Brockton,* 217 Mass. 422, 105 N. E. 631, cited upon defendant's brief, it was held that the lien of an assessment for the construction of a sewer related back to the time of the passage of the order for the construction of the sewer and was an encumbrance from that time. In that State the statute governing assessments for public improvements expressly provides that the lien of the assessment shall take effect upon the recording of the order stating that betterments are to be assessed for the improvement. General Laws of Massachusetts, 1921, Chap. 80, § 12. The terms of the Special Act creating this lien and our own decisions require the conclusion that the assessments in this case did not become liens upon this property until the dates upon which they were made, which were subsequent to that of the deed from the defendant to the plaintiff. The defendant makes the claim that, though there was no lien on the property at the time of the conveyance, there was an encumbrance upon the title in the existence of this inchoate right of lien, and that the failure of the plaintiff to pay the

assessments when laid constituted a breach of his covenant against encumbrances. This claim is not tenable. A covenant against encumbrances, if broken at all, is broken the instant the deed is given. If the assessments subsequently laid did not then constitute liens upon the property, the subsequent assessments and filing of the liens did not constitute a breach of the plaintiff's covenant against encumbrances. *Dann* v. *Woodruff, supra.* The demurrer to the first and second counts of the cross-complaint was rightly sustained.

The fourth count of the cross-complaint, incorporating by reference the first paragraph of the first count of the original cross-complaint, alleged that on July 28th, 1921, and prior to the giving to the plaintiff by the defendant of the mortgage described in the complaint, the plaintiff deeded to the defendant the property described in the complaint by a warranty deed containing the usual covenants of warranty, that as an inducement to the defendant to purchase the property the plaintiff represented that it was free of all assessments and charges, except a mortgage to the Bridgeport Savings Bank, whereas in fact there existed at the time assessments and charges by the town of Stratford for the construction of a sewage disposal plant and sewers affecting the property and that the defendant was induced by these statements to buy the property. It was further alleged that the town had placed liens upon the property covering assessments for the construction of sewers and a sewage disposal plant, and obtained judgments thereon against the defendant. The plaintiff demurred to this pleading on the ground that it was in substance but a repetition of the first and second counts of the cross-complaint which had been successfully demurred to, and secondly on the ground that its allegations showed that on the day upon which it was alleged the plaintiff had made the representations com-

plained of the property was actually free of all assessments and charges because the same were not made until long after that date. The first and second counts of the cross-complaint contained allegations that the assessments against this property for sewers and a sewage disposal plant were laid upon dates which were subsequent to that of the deed of the property from the plaintiff to the defendant and were successfully demurred to upon the ground that the property was transferred by the plaintiff to the defendant before the assessments became an encumbrance upon the property. The demurrer to the amended cross-complaint seems to assume that it contains similar allegations. It contains no such allegations, but does allege that these assessments existed as an encumbrance on the property at the time that the plaintiff conveyed it to the defendant with a warranty and representation that it was free from all such assessments or charges. The amended cross-complaint therefore contained allegations setting up a good cause of action for breach of warranty and of these representations and the demurrer to it should have been overruled.

The demurrer refers to the allegations of "the complaint as amended." Since the demurrer is to the amended cross-complaint, we have assumed that reference was intended to the cross-complaint as amended. If the pleader intended to refer to the allegations of the complaint the result would be the same. The demurrer must stand or fall upon the allegations of the pleading demurred to, which cannot be aided by importing into it facts not therein alleged. *Ryan* v. *Knights of Columbus,* 82 Conn. 91, 92, 72 Atl. 574; *Bedard* v. *Cunneen,* 111 Conn. 338, 341, 149 Atl. 890.

There is error, the judgment is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.