163 EAST AVENUE CORPORATION *v.* ESTATE OF ROSIE SECKAR

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-659-10743

Argued February 27—decided July 21, 1967

*Allan S. Mall,* of Norwalk, for the appellant (plaintiff).

*Walter E. Whitton,* of Norwalk, for the appellee (defendant).

PRUYN, J.   The plaintiff brought this action to recover the amount of an assessment alleged to have been a lien upon certain real estate at the time of its conveyance by the defendant to the plaintiff. The facts are not in dispute, having been stipulated by the parties—no evidence having been introduced by either party—and the facts were found by the court as stipulated.

Under date of July 24, 1964, the plaintiff entered into a contract with Frances Baxa, conservatrix of the estate of Rosie Seckar, to purchase certain real estate in Norwalk, Connecticut, title to be given by a conservator's deed free and clear of all encumbrances except certain specified taxes, zoning and planning regulations and a reserved easement for a future road.  On August 14, 1964, the contract was approved by the Norwalk Probate Court and the conservatrix was authorized to sell the property. On September 14, 1964, the conservatrix conveyed the premises to the plaintiff by a conservator's deed subject to the three encumbrances mentioned in the contract of sale, the deed containing no covenants or warranty other than the one against any person

claiming by, from or under the grantor as conservatrix. On December 1, 1964, the plaintiff received a notice of a sewer assessment laid by the city council on June 25, 1963. The installation of the sewers was completed on June 1, 1964, and certification thereof was made to the mayor of the city of Norwalk on October 9, 1964. Pursuant to § 424 of the city charter, the city had placed a lien on these premises for nonpayment of the assessment.

The first question we shall consider is whether this assessment was a lien upon the premises at the time of the delivery of the deed. This is to be determined from a consideration of the provisions creating the lien contained in the charter of the city of Norwalk. *Tomes* v. *Thompson,* 112 Conn. 190, 193. We may take judicial notice of the charter. *State* v. *Lindsay,* 109 Conn. 239, 242.

The charter provides for the laying out, construction, maintenance and repair of sewers, and the assessment of the expense thereof upon the property benefited, under the same procedures as are provided for highways. Norwalk Charter § 442; 16 Spec. Laws 1081, No. 352 § 137. These are contained in § 424 of the charter (16 Spec. Laws 1073, No. 352 § 114, as amended by 17 Spec. Laws 490, No. 367 § 7), under which the parties stipulated, and the court found, that the city had placed the lien in the case before us. This section provides that upon completion of the improvement and the certification thereof to the mayor, the assessment "shall forthwith become due and payable to said city, and the mayor shall issue his warrant to the tax collector for the collection thereof, and any assessment which shall not be paid within sixty days thereafter shall be a lien upon the land or other property against which said assessment was made," and shall be continued and may be foreclosed as provided in § 255 of the charter (16 Spec. Laws 1072, No. 352 § 107).

Section 255 of the Norwalk charter (16 Spec. Laws 1072, No. 352 § 107), applicable by its terms to sewer, highway and other assessments, provides as follows: "Assessments of benefits . . . shall be a lien upon the land or other property upon which they are respectively made . . . and the land . . . shall be liable to be foreclosed . . . , provided such lien shall not continue to exist for a period longer than sixty days after . . . [the assessment became payable], unless within said period a certificate . . . shall be lodged with the town clerk of Norwalk. . . ." Provisions of a similar nature, containing no definite time when the lien shall attach, have been construed to mean that the assessment does not become a lien when the work was ordered or commenced, nor on completion of the work, but at the time the apportionments were made and the assessments laid. *Tomes* v. *Thompson,* supra, 193; *Dann* v. *Woodruff,* 51 Conn. 203, 205. A specific time for the incidence of the lien would control. *Tomes* v. *Thompson,* supra.

We are of the opinion that the provisions of § 424 of the charter, and not § 255, determine the incidence of the lien in this case. The language of § 424 clearly indicates that if the assessment is not paid within sixty days after completion of the improvement and certification thereof to the mayor and the issuance of the warrant for its collection it shall be a lien. The reasonable meaning of that provision is that, if the assessment is paid within the time limit, there is no lien, and that the lien will not attach until the expiration of that time limit if the assessment is not paid. We note that these provisions of § 424 were not in the original charter of 1913 but were added in 1915; 16 Spec. Laws 1073 § 114, as amended by 17 Spec. Laws 490 § 7; and that § 255 has not been amended since it was enacted in 1913. 16 Spec. Laws 1072 § 107. If there is any conflict between the two

sections, the later enactment would control. Furthermore, by stipulation and finding the assessment was made and lien attached pursuant to § 424. As the certificate of completion was not made until after the delivery of the deed, the assessment was not an encumbrance on the property at the time of the delivery of the deed.

It is unnecessary to consider the remaining assignment of error.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.