[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (RE# 106)
After hearing held on defendant Town of East Haddam's motion to stike [strike] count four of complaint, it is hereby Ordered: denied; for the following reasons:
Where, as here, a statutory scheme (Sec. 49-41 et seq., Conn. Gen. Stat.) exists for the recovery of a benefit that is also recoverable at common law (e.g., under a theory of unjust enrichment), the common law right may be resorted to only where the statutory procedures are inadequate. National CSS, Inc. v. Stamford, 195 Conn. 587, 597 (1985); Grey v. Coastal States Holding Co., 22 Conn. App. 497, 505 (1990).
The allegations of the complaint and Exhibit A attached show the defendant — general contractor to have posted a surety bond in the amount of the contract price in connection with the award thereof and as required by statute (Sec. 49-41). Although, as alleged, the plaintiff's original subcontract was in the amount of $55,000, he now seeks damages in excess of $100,000 by virtue of subsequent work orders and labor and materials supplied as a result.
"The motion to strike . . . admits all facts well pleaded." In other words, in examining each count of the complaint we must assume the truth of all well pleaded facts. Alarm Applications CT Page 8221 Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
Whether the statutory procedures are in fact adequate to protect the plaintiff, and others such as the plaintiff who may have been required to perform additional services beyond those contemplated by the original contract, is unclear and not conceded by the plaintiff in his complaint. The defendant's motion cannot be aided by importing into the complaint facts not therein alleged; viz., the adequacy of the statutory procedures. Tomes v. Thompson, 112 Conn. 190, 198 (1930); State v. Bashura,37 Conn. Sup. 745, 748 (1981). Accordingly, the plaintiff should not be precluded from asserting a common law remedy such as that set forth in count four.
GAFFNEY, J.